UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| JAMES WHITIKER, | ) | |
| --- | --- | --- |
| Movant, | ) | |
| v. | ) | Case No. 4:09CV1007RWS |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

### MEMORANDUM AND ORDER

Petitioner James Whitiker moves to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. Whitiker claims he received ineffective assistance of counsel on two grounds. First, Whitiker claims his counsel coerced him to plead guilty by promising he would receive a reduced sentence under the "safety valve" provision of 18 U.S.C. § 3553(f). He also claims his attorney did not move for application of the safety valve at sentencing. Whitiker claims that, but for his attorney's substandard performance, he would have received a lower sentence or not entered a guilty plea. For the reasons set forth below, I will deny Whitiker's motion.

*Background*

In August 2008, a grand jury indicted James Whitiker and others of multiple offenses under Title 18 of the United States Code, including conspiracy to

defraud, § 371; identity theft, § 1028(a)(7); aggravated identity theft, § 1028A; access device fraud, § 1029(a)(5); and bank fraud, § 344. Attorney Joel J. Schwartz represented Whitiker in this case during plea negotiations, at Whitiker's plea hearing, and at sentencing.

On October 23, 2008, Whitiker pled guilty to one count of aggravated identity theft and one count of access device fraud. At the start of Whitiker's plea hearing, Whitiker agreed to stop the hearing and tell me if, at any time during the hearing, he did not completely understand what was occurring or the questions asked. Plea Hr'g Tr. 2–3, Oct. 23, 2008. During the hearing, Whitiker testified that no one had made any representations about sentencing that were not included in his written plea agreement. Whitiker also testified that he understood the plea agreement. Id. at 7–8. The plea agreement *did not* contemplate that Whitiker might be eligible for the safety valve.

Whitiker understood that a conviction for aggravated identity theft required a mandatory two-year sentence, *to run consecutive* to any sentence for access device fraud. Id. at 21. Whitiker testified that he understood that, if he received a harsher sentence than what Schwartz and the United States Attorney recommended, it would not be a basis for withdrawing his plea of guilty. Id. at 24. Whitiker further testified that he was satisfied with Schwartz's representation and

that the two had enough time to discuss this case.  Id. at 5.

Whitiker also indicated that there were no inducements, or acts of coercion by anyone, or promises not contained in the plea agreement:

> THE COURT: Has *anybody* threatened you or *in any way* forced you to plead guilty?
>
> WHITIKER: No, sir.
>
> * * *
>
> THE COURT: Does this agreement contain all the promises made to you by the United States?
>
> WHITIKER: Yes
>
> THE COURT: Did they make you any promises they didn't put in writing?
>
> WHITIKER: No.
>
> THE COURT: Has *anybody else* promised you anything or given you anything to get you to plead guilty?
>
> WHITIKER: No.

Id. at 7, 18 (emphasis added).

On January 16, 2009, I sentenced James Whitiker to a term of imprisonment of 24 months for access device fraud (Count V) and a consecutive sentence of 24 months for aggravated identity theft (Count VI), for a total term of imprisonment of 48 months.

*Legal Standard*

The Sixth Amendment establishes the right of the criminally accused to have the assistance of counsel in his defense. The Supreme Court's decision in Strickland v. Washington, 466 U.S. 668 (1984), governs ineffective assistance of counsel claims under 28 U.S.C. § 2255. See Caban v. United States, 281 F.3d 778, 781 (8th Cir. 2002). In order for a convicted defendant to prove that his counsel was ineffective, the defendant must first show that counsel's performance was deficient. Strickland, 466 U.S. at 687. To do so, the defendant must demonstrate that counsel's representation fell below an objective standard of reasonableness. Id. at 687-88. Judicial scrutiny of an attorney's performance must be highly deferential, and thus, the courts should employ a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance. Id. at 689. Second, "the defendant must show that the deficient performance prejudiced the defense." Id. at 687. A defendant must show that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. However mechanical these tests may seem, the "benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just

result." Id. at 686. Counsel cannot be ineffective for failing to make a meritless argument. See Rodriguez v. United States, 17 F.3d 225, 226 (8th Cir. 1994).

***Discussion***

Whitiker claims he received ineffective assistance of counsel because Schwartz coerced him to plead guilty by promising he would receive the "safety valve" under 18 U.S.C. § 3553(f). Whitiker also claims Schwartz was ineffective for not requesting application of the safety valve at sentencing. Whitiker claims that, but for Schwartz's substandard performance, he would not have entered a guilty plea, and he would have received a lower sentence.

*Failure to request safety valve*

Whitiker claims that Schwartz's representation fell below an objective standard of reasonableness when Schwartz did not request safety valve relief during sentencing. Schwartz cannot have been ineffective for the failing to request the safety valve, however, because Whitiker was not eligible for the safety valve. The "safety valve" is only available to individuals who plead guilty to controlled substances offenses under Title 21. 18 U.S.C. § 3553(f). Whitiker was indicted on, and pled guilty to, access device fraud under 18 U.S.C. § 1029(a)(5) and aggravated identity theft under 18 U.S.C. §1028A. Neither 18 U.S.C. § 1029(a)(5) nor 18 U.S.C. § 1028A are safety valve eligible offenses. Because

Whitiker was ineligible for the safety valve, any request for its application would have been pointless. Schwartz's "failure" to request relief under the safety valve was objectively reasonable. Because counsel cannot be ineffective for failing to raise a meritless argument, I reject Whitiker's claim of ineffective assistance of counsel for failing to request the safety valve. See Rodriguez, 17 F.3d at 226.

*The record contradicts Whitiker's claim that his attorney promised him that he was eligible for the safety valve.*

Whitiker also argues that Schwartz coerced him to plead guilty by promising him he would receive the safety valve. The record clearly contradicts Whitiker's assertion, however. At Whitiker's plea hearing, he testified under oath that no one coerced him or promised him anything in exchange to for his guilty plea. For example, I asked Whitiker, "Has *anybody* threatened you or *in any way* forced you to plead guilty?" Plea Hr'g Tr. 7. Whitiker replied, "no." Id. I also asked Whitiker, "Has anybody else [besides the United States] promised you anything or given your anything to get you to plead guilty?" Id. at 18. Whitiker answered, "no." Id.

Moreover, Whitiker acknowledged in his plea agreement that neither his attorney nor the United States Attorney made any representations about his

possible sentence. Whitiker testified that he read, understood, and fully discussed the plea agreement with Schwartz before signing it. Id. at 7-8.

Because Whitiker's allegations that Schwartz promised him he would be eligible for the safety valve are contradicted by the record, I conclude Schwartz did not provide ineffective assistance of counsel. Whitiker has failed to show any basis for finding his attorney provided ineffective assistance of counsel. As a result, I will deny Whitiker's motion.

*Request for an evidentiary hearing*

Generally, 28 U.S.C. § 2255 entitles movants to a hearing on the merits of their motion. However, there is a well-established exception to this rule when the record of the case conclusively establishes that the petitioner is entitled to no relief. Hodges v. United States, 368 U.S. 139, 140 (1961); Cheek v. United States, 858 F.2d 1330, 1333 (8th Cir. 1988); United States v. Gann, 807 F.3d 134, 135 (8th Cir. 1986). "Accordingly, a claim may be dismissed without an evidentiary hearing if the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based." Shaw v. United States, 24 F.3d 1040, 1043 (8th Cir. 1994). Because the record is absolutely clear that Whitiker is entitled to no relief, I will not grant his request for an evidentiary hearing on the merits of this motion.

I have also considered whether to issue a certificate of appealability. To grant a certificate of appealability, a court must find a substantial showing of the denial of a federal constitutional right. See Tiedeman v. Benson, 122 F.3d 518, 522 (8th Cir. 1997). A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings. Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997) (citing Flieger v. Delo, 16 F.3d 878, 882-83 (8th Cir. 1994).

I believe that Whitiker has not made such a showing on the grounds raised in his motion. Therefore, I will not issue a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED** that Movant James Whitiker's Motion to Vacate, Set Aside or Correct his Sentence [#1] is **DENIED**.

Dated this 9th Day of March, 2010.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE